# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**YAEL BANAI, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                        **NO. 23-661-BAJ-RLB**

**STATE FARM FIRE AND CASUALTY
COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 10, 2024.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**YAEL BANAI, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 23-661-BAJ-RLB**

**STATE FARM FIRE AND CASUALTY
COMPANY, ET AL.**

### REPORT AND RECOMMENDATION

This report and recommendation is issued *sua sponte*. The Notice of Removal in this matter was filed by Defendant State Farm Fire and Casualty Company on August 7, 2023. (R. Doc. 1). Attorney Austin Marks was added as counsel for Plaintiff Yael Banai ("Banai") by the Clerk of Court upon the filing of the Notice of Removal. On August 8, 2023, the Clerk of Court sent a letter to counsel for Plaintiffs indicating prior co-counsel was not admitted to this district. (R. Doc. 4).

On August 9, 2023, attorney Nathaniel Hanet sought be substituted in place of non-admitted co-counsel for plaintiffs and that request was granted. (R. Docs. 5, 7). On August 16, 2023, the Court set a scheduling conference for October 26, 2023, with a joint status report due October 12, 2023. (R. Doc. 8). On October 12, 2023, a joint status report was filed by all parties and a Scheduling Order was issued. (R. Docs. 13, 14).

On May 3, 2024, Attorney Janet Buggee Avery sought to substituted in place of Nathaniel Hanet as co-counsel for Plaintiff, which the Court granted. (R. Docs. 18, 19.) Attorney Austin Marks remained as counsel for plaintiffs.

On July 2, 2024, an Ex Parte Motion to Withdraw as Counsel of Record was filed by Janet Buggee Avery and Morris Bart, LLC. (R. Doc. 20). The motion specifically requested withdrawal of Ms. Buggee and Morris Bart, LLC on behalf of Banai. It made no reference to

Morris Bart, LLC's role as a named plaintiff. The Court granted the request and both Janet Buggee Avery and Austin Marks were withdrawn as counsel for Banai. (R. Doc. 22). The order set a telephone conference for August 6, 2024 wherein Banai was advised that she was required to participate and failure to do so would result in an order to show cause being issued.

On August 6, 2024, a telephone conference was held. Banai and counsel for Morris Bart, LLC, failed to participate as ordered. (R. Doc. 24). The Court ordered Banai to personally appear to show cause why sanctions should not be imposed for failure to participate in a telephone status conference as ordered. A review of the record does not indicate Banai did not receive the Court's prior orders.

On September 10, 2024, a show cause hearing was held and plaintiff Yael Banai as well as counsel for Morris Bart, LLC failed to appear. A review of the record at this time shows no additional filings have been made by any party. No counsel for the defendants have had any contact with plaintiff Banai or Morris Bart, LLC regarding their intention to prosecute this matter. As a practical matter, the case cannot proceed if the Plaintiffs do not respond to the Court's orders. Plaintiffs' failure to prosecute effectively deprives the defendants of the opportunity to defend themselves from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff Banai and Morris Bart, LLC should be afforded that same 14 day period to advise the Court if they wish to proceed

with this case. The timeframe to submit objections to this Report and Recommendation will give him that time.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiffs' Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute and failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on September 10, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**